UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHERINE SIMS, ) | |
|     *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 4:17-cv-01916-HEA |
| ) | |
| CALIBER HOME LOANS, INC., ) | |
|     *Defendant*. ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Caliber Home Loans, Inc. ("Defendant"), and respectfully files its Answer to Plaintiff's Complaint [Doc. 1] (the "Complaint") and Affirmative Defenses, and states as follows:

**INTRODUCTION**

1. Defendant denies the allegations in paragraph 1 of the Complaint.

2. Defendant lacks knowledge or information sufficient to form a reasonable belief as to the allegations in paragraph 2 and therefore deny the same.

3. With respect to the allegations in paragraph 3, Defendant admits Plaintiff filed a Chapter 13 bankruptcy petition in a matter styled *In re Moskodauz*, United States Bankruptcy Court for the Southern District of Illinois, with action number 11-32027-lkg, and states that the pleadings therein and docket thereof speak for themselves and denies the allegations contained in paragraph 3 to the extent they are inconsistent therewith.  Except as admitted herein, Defendant lacks knowledge or information sufficient to form a reasonable belief as to the allegations in paragraph 3 and therefore deny the same.

4. With respect to the allegations in paragraph 4, Defendant admits it acquired an interest in the subject loan from SunTrust Mortgage.

5. With respect to the allegations in paragraph 5, Defendant admits that it made calls to Plaintiff but otherwise denies all remaining allegations in paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a reasonable belief as to the allegations in paragraph 6 and therefore denies the same.

7. Defendant denies the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. The allegations in paragraph 9 are legal arguments and/or legal conclusions to which no responsive pleading is required. To the extent paragraph 9 contains factual allegations requiring a response, Defendant states that the referenced case law speaks for itself and denies the allegations contained in paragraph 9 to the extent they are inconsistent therewith. Otherwise, denied.

10. The allegations in paragraph 10 are legal arguments and/or legal conclusions to which no responsive pleading is required. To the extent paragraph 10 contains factual allegations requiring a response, Defendant states that the referenced statute speaks for itself and denies the allegations contained in paragraph 10 to the extent they are inconsistent therewith. Otherwise, denied.

11. The allegations in paragraph 11 are legal arguments and/or legal conclusions to which no responsive pleading is required. To the extent paragraph 11 contains factual allegations requiring a response, Defendant states that the referenced statute speaks for itself and denies the allegations contained in paragraph 11 to the extent they are inconsistent therewith. Otherwise, denied.

12. The allegations in paragraph 12 are legal arguments and/or legal conclusions to which no responsive pleading is required. To the extent paragraph 12 contains factual allegations

requiring a response, Defendant states that the referenced case law speaks for itself and denies the allegations contained in paragraph 12 to the extent they are inconsistent therewith. Otherwise, denied.

13.     The allegations in paragraph 13 are legal arguments and/or legal conclusions to which no responsive pleading is required. To the extent an answer is required, denied.

14.     Defendant denies the allegations in paragraph 14.

15.     Defendant denies the allegations in paragraph 15.

## JURISDICTION AND VENUE

16.     Defendant admits that Plaintiff purports to state a claim for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, but denies that she has done so.

17.     The allegations in paragraph 17 are legal arguments and/or legal conclusions to which no responsive pleading is required. To the extent paragraph 17 contains factual allegations requiring a response, Defendant states that the referenced statutes speak for themselves. Defendant further denies that Plaintiff has or can establish Article III jurisdiction. Defendant further denies that it has violated any laws, including the statutes alleged in this paragraph.

18.     Defendant admits that venue is proper in this Court.

## PARTIES

19.     Defendant lacks knowledge or information sufficient to form a reasonable belief as to the allegations in paragraph 19 and therefore denies the same.

20.     Defendant denies the allegations in paragraph 20.

21.     With respect to the allegations in paragraph 21, Defendant admits solely that it is based at the referenced address in Irving, Texas. Otherwise, denied.

22.     With respect to the allegations in paragraph 22, Defendant admits that it services loans secured by real property in Missouri.  Otherwise, denied.

## FACTUAL ALLEGATIONS

23.     The allegations in paragraph 23 are legal arguments and/or legal conclusions to which no responsive pleading is required.  To the extent paragraph 23 contains factual allegations requiring a response, Defendant denies the allegations.

24.     The allegations in paragraph 24 are legal arguments and/or legal conclusions to which no responsive pleading is required.  To the extent paragraph 24 contains factual allegations requiring a response, Defendant states that the referenced statute speaks for itself and denies the allegations contained in paragraph 24 to the extent they are inconsistent therewith.

25.     The allegations in paragraph 25 are legal arguments and/or legal conclusions to which no responsive pleading is required.  To the extent paragraph 25 contains factual allegations requiring a response, Defendant states that the referenced findings speak for themselves and denies the allegations contained in paragraph 25 to the extent they are inconsistent therewith.

26.     The allegations in paragraph 26 are legal arguments and/or legal conclusions to which no responsive pleading is required.  To the extent paragraph 26 contains factual allegations requiring a response, Defendant states that the referenced findings speak for themselves and denies the allegations contained in paragraph 26 to the extent they are inconsistent therewith.

27.     The allegations in paragraph 27 are legal arguments and/or legal conclusions to which no responsive pleading is required.  To the extent paragraph 27 contains factual allegations requiring a response, Defendant states that the referenced ruling speaks for itself and denies the allegations contained in paragraph 27 to the extent they are inconsistent therewith.

28. The allegations in paragraph 28 are legal arguments and/or legal conclusions to which no responsive pleading is required. To the extent paragraph 28 contains factual allegations requiring a response, Defendant states that the referenced ruling speaks for itself and denies the allegations contained in paragraph 28 to the extent they are inconsistent therewith.

29. The allegations in paragraph 29 are legal arguments and/or legal conclusions to which no responsive pleading is required. To the extent paragraph 29 contains factual allegations requiring a response, Defendant states that the referenced ruling speaks for itself and denies the allegations contained in paragraph 29 to the extent they are inconsistent therewith.

30. The allegations in paragraph 30 are legal arguments and/or legal conclusions to which no responsive pleading is required. To the extent paragraph 30 contains factual allegations requiring a response, Defendant states that the referenced statute speaks for itself and denies the allegations contained in paragraph 30 to the extent they are inconsistent therewith.

31. The allegations in paragraph 31 are legal arguments and/or legal conclusions to which no responsive pleading is required. To the extent paragraph 31 contains factual allegations requiring a response, Defendant states that the referenced statute speaks for itself and denies the allegations contained in paragraph 31 to the extent they are inconsistent therewith.

32. The allegations in paragraph 32 are legal arguments and/or legal conclusions to which no responsive pleading is required. To the extent paragraph 32 contains factual allegations requiring a response, Defendant states that the referenced statute speaks for itself and denies the allegations contained in paragraph 32 to the extent they are inconsistent therewith.

33. The allegations in paragraph 33 are legal arguments and/or legal conclusions to which no responsive pleading is required. To the extent paragraph 33 contains factual allegations

requiring a response, Defendant states that it lacks knowledge or information sufficient to form a reasonable belief as to the allegations in paragraph 33 and therefore denies the same.

34. The allegations in paragraph 34 are legal arguments and/or legal conclusions to which no responsive pleading is required. To the extent paragraph 34 contains factual allegations requiring a response, Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

39. With respect to the allegations in paragraph 39, Defendant admits Plaintiff filed a Chapter 13 bankruptcy petition in a matter styled *In re Moskodauz*, United States Bankruptcy Court for the Southern District of Illinois, with action number 11-32027-lkg, and admits its representatives spoke to Plaintiff regarding the subject loan. Otherwise, denied.

40. Defendant denies the allegations in paragraph 40.

41. With respect to the allegations in paragraph 41, Defendant admits it made calls to Plaintiff but denies that those calls violated the TCPA, as alleged.

42. With respect to the allegations in paragraph 42, Defendant admits it made calls to Plaintiff but denies that those calls violated the TCPA, as alleged.

43. Defendant admits its representatives discussed a cease and desist letter with Plaintiff, which Plaintiff stated she intended to submit, but otherwise lacks knowledge or information sufficient to form a reasonable belief as to the remaining allegations in paragraph 43 and therefore denies the same.

44. Defendant states that it lacks knowledge or information sufficient to form a reasonable belief as to the allegations in paragraph 44 and therefore denies the same.

45. Defendant states that it lacks knowledge or information sufficient to form a reasonable belief as to the allegations in paragraph 45 and therefore denies the same.

46. Defendant states that it lacks knowledge or information sufficient to form a reasonable belief as to the allegations in paragraph 46 and therefore denies the same.

47. With respect to the allegations in paragraph 47, Defendant admits it made calls to Plaintiff but denies that those calls violated the TCPA, as alleged.

48. Defendant states that it lacks knowledge or information sufficient to form a reasonable belief as to the allegations in paragraph 48 and therefore denies the same.

49. Defendant denies the allegations in paragraph 49.

50. With respect to the allegations in paragraph 50, Defendant admits it uses the referenced number to call its borrowers but otherwise denies all remaining allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. The allegations in paragraph 52 are legal arguments and/or legal conclusions to which no responsive pleading is required. To the extent paragraph 52 contains factual allegations requiring a response, Defendant denies the allegations in paragraph 52.

53. The allegations in paragraph 53 are legal arguments and/or legal conclusions to which no responsive pleading is required. To the extent paragraph 53 contains factual allegations requiring a response, Defendant admits it did not make calls to Plaintiff for "emergency purposes."

54. Defendant denies the allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

57. Defendant denies the allegations in paragraph 57.

58. The allegations in paragraph 58 are legal arguments and/or legal conclusions to which no responsive pleading is required. To the extent paragraph 58 contains factual allegations requiring a response, Defendant states that the referenced statute speaks for itself and denies the allegations contained in paragraph 58 to the extent they are inconsistent therewith.

59. Defendant denies the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63.

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67.

## TRIAL BY JURY

68. Defendant admits Plaintiff demands a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 *et seq.*

69. Defendant adopts and incorporates its responses to paragraphs 1-68 of the Complaint.

70. Defendant denies the allegations in paragraph 70.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

73. Defendant denies the allegations in paragraph 73.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

In response to the final unnumbered paragraph of the Complaint, Defendant denies that the Plaintiff is entitled to the relief requested in the paragraph or any other relief.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any of these defenses, Defendant alleges the following Affirmative Defenses to the claim set forth in Plaintiff's Complaint:

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part as a result of her failure to mitigate alleged damages, if any.  Further, to the extent Plaintiff seeks recovery for actual damages, such damages, if any, should be reduced in proportion to Plaintiff's failure to mitigate.

3. Plaintiff's claims are barred by Plaintiff's consent to the performance of the alleged acts and things contained therein.

4. Plaintiff's claims are barred by the doctrine of waiver.

5. Plaintiff's claims are barred by the doctrine of estoppel.

6. Plaintiff's claims are barred by the doctrine of unclean hands and laches.

7. Defendant's compliance with the statutes, rules, and regulations that govern the subject matter of this lawsuit precludes liability to Plaintiff.

8. Plaintiff's claims are barred in whole or in part because she has not suffered actual damages or harm.

9. Plaintiff's claims are barred in whole or in part because she lacks standing, including, but not limited to, under the TCPA and/or Article III of the United States Constitution.

10. Plaintiff's claims are barred in whole or in part because none of the alleged wrongful conduct was done willfully or intentionally by Defendant.

11. Plaintiff's claims are barred to the extent Defendant did not use an automatic telephone dialing system in violation of the TCPA.

12. Plaintiff's claims are barred in whole or in part because the communications complained of by Plaintiff were made without malice or wrongful intent to harass on the part of Defendant.

13. The award of statutory penalties under the TCPA against Defendant would violate the prohibition against excessive fines of the United States Constitution. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) (*quoting St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)). Again, here the violation at issue—"making" a call to a cell phone that may or not have been connected, received or answered—causes *de minimis* or no actual harm. Imposition of a $500.00 per call penalty is plainly excessive in this context and—taken in the aggregate—may result in potential damages that are not proportional to the conduct alleged.

14. The imposition of statutory damages under the TCPA and/or punitive damages against Defendant would violate the Due Process provision of the United States Constitution. Specifically, grossly excessive penalties entered on a discretionary basis may amount to an

"arbitrary deprivation of property without due process of law." *E.g., TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 453, 454 (1993); *BMW of North America, Inc. v. Gore*, 517 US 559, 562 (1996). The TCPA affords discretion to award up to $1,500.00 "per violation." Yet, the violation at issue—"making" a call to a cell phone that may or not have been connected, received or answered—causes *de minimis* or no actual harm. Hence, imposition of the discretionary punitive damage element built into the TCPA would violate the *BMW* proportionality as to Plaintiff.

15. Any and all activities of Defendant alleged in the Complaint were conducted with consent, express and implied, of Plaintiff, the owner/subscriber or the regular user of the subject phone and/or other parties, persons, and entities, and Defendant is therefore free from actionable fault.

16. Plaintiff's Complaint and each claim for relief therein is barred because Defendant acted in good faith and Defendant's conduct is and was privileged or justified, and Defendant acted without malice. Thus, to the extent there was any violation of the TCPA, which Defendant denies, such violation(s) were not knowing and willful.

17. Defendant's good-faith reliance on its objectively reasonable interpretation of the TCPA precludes a finding of willfulness. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007).

18. Plaintiff's claims are barred to the extent the alleged actions of third parties herein were not authorized or ratified by Defendant.

19. Defendant's lawful interest in contacting its customers—either for debt collection, informational purposes, or other account servicing activity—is necessary, and Defendant reasonably believes such calls are necessary, to protect Defendant's pecuniary interest in chattel

and accounts, and its customers' interests.  Further the conduct at issue is *malum prohibitum* and not *malum in se*.  Moreover, the harm inflicted to Plaintiff in receiving the calls is not unreasonable as compared with the harm threatened to Defendant's interests and chattel if it is barred from placing such calls.  Hence, Defendant's conduct is privileged and inactionable, and Plaintiff cannot show conduct that would result in the award of punitive damages.

20. Plaintiff's claims are barred in whole or in part by *res judicata* or collateral estoppel.

21. In addition to the defenses set forth above, Defendant reserves the right to raise any additional defenses it may have or may discover it has to Plaintiff's claims in this lawsuit.

WHEREFORE, Defendant respectfully requests that Plaintiff take nothing on her claims against Defendant, that this lawsuit be dismissed with prejudice, that Defendant be awarded its costs of court, attorneys' fees and expenses, and that Defendant have all such other relief, both general and special, at law and in equity, to which it may show itself entitled.

Respectfully submitted,

**LEWIS RICE LLC**

By:     /s/ Sarah A. Milunski
Derick C. Albers, #60966MO
Sarah A. Milunski, #65112MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri  63101
Telephone: (314) 444-7649 (direct)
Facsimile: (314) 241-6049 (direct)
E-mail:  dalbers@lewisrice.com
smilunski@lewisrice.com

and

**LOCKE LORD LLP**

B. David L. Foster (admitted *pro hac vice*)
Matthew H. Davis (admitted *pro hac vice*)
600 Congress Avenue, Suite 2200
Austin, TX 78701
Telephone: 512-305-4700
Facsimile: 512-305-4800
E-mail: dfoster@lockelord.com
mdavis@lockelord.com

*Attorneys for Defendant Caliber Home Loans, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 16th day of August, 2017, a true and accurate copy of the foregoing was served on all counsel of record by operation of the Court's ECF system.

    /s/ Sarah A. Milunski